1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  ROBIN FONTAINE SUDDUTH,                    )
                                             )
10           Petitioner,                      )      Case No.  C05-480TSZ
                                             )                (CR96-418TSZ)
11      v.                                    )
                                             )
12  UNITED STATES OF AMERICA,                 )      REPORT AND RECOMMENDATION
                                             )
13           Respondent.                      )
   _____       )

14

15

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

16

17

18

19

20

21

Petitioner Robin Sudduth is a federal prisoner who is currently incarcerated at the Federal Prison Camp at Sheridan, Oregon.  He has submitted to this Court for consideration a petition for writ of error *audita querela* under the All Writs Act, 28 U.S.C. § 1651.  The government has filed a response to the petition and petitioner has filed a reply brief in support of his petition.  Petitioner has also filed a motion for appointment of counsel.   Following a careful review of the record, this Court concludes that petitioner's petition for writ of error *audita querela*, and his motion for appointment of counsel, should be denied.

22

<u>FACTUAL/PROCEDURAL HISTORY</u>

23

24

25

On October 15, 1996, petitioner was convicted, following a jury trial, on one of count of conspiracy to distribute cocaine and one count of possession of cocaine with intent to distribute.

REPORT AND RECOMMENDATION

26  PAGE - 1

1 (CR96-418Z, Dkt. No. 95.)  On January 17, 1997, petitioner was sentenced to a term of 168 months

2 confinement.  (CR96-418Z, Dkt. No. 160.)  Petitioner appealed his convictions to the Ninth Circuit

3 Court of Appeals.  (*See* CR96-418Z, Dkt. No. 203.)  On February 18, 1998, in an unpublished

4 opinion, the Court of Appeals affirmed petitioner's convictions. *United States v. Sudduth*, 139 F.3d

5 909 (9th Cir. 1998).

6       On February 4, 1999, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside,

7 or correct his sentence.  (C99-160Z, Dkt. No. 1.)  Petitioner's § 2255 motion was denied on

8 November 3, 1999.  (*Id.*, Dkt. No. 22.)  Petitioner sought to appeal the denial of his § 2255 motion,

9 but he was denied a certificate of appealability.  (*Id.*, Dkt. Nos. 23-25.)

10       On March 7, 2005, petitioner presented to the court for filing a petition for writ of error *audita*

11 *querela*.  Petitioner asserts in the instant petition that he is entitled to relief from the judgment imposed

12 by this court under the United States Supreme Court's recent decision in *United States v. Booker*, 125

13 S. Ct. 738 (2005).

14                                  DISCUSSION

15                        Availability of Writ of *Audita Querela*

16       The initial question for this Court to consider is whether the writ of *audita querla* provides

17 petitioner with an avenue of relief.  Petitioner argues in his petition, and in his supporting documents,

18 that a motion under § 2255 will not afford him adequate relief and that a petition for writ of error

19 *audita querela* is therefore the only avenue available to him to attack his sentence.  (Dkt. Nos. 1-2.)

20 Respondent argues that the writ of *audita querela* does not provide a basis for relief because the

21 review petitioner seeks by way of the writ is the same review he could obtain under § 2255, if such

22 review were still available to him.  (*See* Dkt. No. 10.)  Respondent argues in the alternative that the

23 petition should be characterized as a motion under § 2255 motion and that it should be transferred to

24 the Ninth Circuit Court of Appeals as a successive motion.

25

REPORT AND RECOMMENDATION

26 PAGE - 2

1    At common law, the writ of error *audita querela* was only available to a judgment debtor who

2 sought relief against a judgment or execution when some legal defense or discharge arose after the

3 issuance of the judgment. *Doe v. Immigration and Naturalization Service*, 120 F.3d 200, 202 (9th

4 Cir. 1997) (internal citations omitted); *see also* Wright and Miller, *Federal Practice and Procedure*,

5 §2867 at 235 (1973).  Hence, the writ of error *audita querela* could be used to attack a judgment that

6 was correct when issued, but later rendered infirm due to some legal defect. *Doe*, 120 F.3d at 203 n.

7 4 (internal citations omitted).

8    In 1946, amendments to Federal Rule of Civil Procedure 60(b) expressly abolished all of the

9 common law writs for civil cases, including *audita querela*.  Fed. R. Civ. P. 60(b); *U.S. v. Beggerly*,

10 524 U.S. 38 44-45 (1998); *Doe*, 120 F.3d at 202.  The Supreme Court has nevertheless held that

11 *audita querela*, and the other common law writs, survive as a way to collaterally attack criminal

12 sentences in very narrow circumstances.[1]  *U.S. v. Morgan*, 346 U.S. 502, 510-11 (1954); *U.S. v.*

13 *Gowell*, 374 F.3d 790, 795 n. 3 (9th Cir. 2003).  *Audita querela* and the other writs are now available

14 "only to the extent that they fill "gaps" in the current systems of post-conviction relief." *U.S. v.*

15 *Valdez-Pacheco*, 237 F.3d 1077, 1079-80 (9th Cir. 2000).

16    Federal prisoners may not, however, employ the writ of *audita querela* to challenge their

17 conviction or sentence when that challenge is cognizable as a § 2255 motion.  *Valdez-Pacheco*, 237

18 F.3d at 1080; *see also U.S. v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992), *U.S. v. Banda*, 1F.3d 354,

19 356 (5th Cir. 1993).  In such cases, there is simply no "gap" in the post-conviction remedies that

20 needs to be filled. *Valdez Pacheco*, 237 F.3d at 1080.  In *Valdez-Pacheco*, the Ninth Circuit

21 specifically held that *audita querela* is not available to federal prisoners merely because the

22 Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prevents them from filing of

23 _____

24    [1]Some courts have challenged whether audita querela survives at all. *See Doe*, 120 F.3d at 204
   & n. 5 (collecting cases).
25

REPORT AND RECOMMENDATION
26 PAGE - 3

1   second or successive § 2255 motion.  *Valdez-Pacheco*, 237 F.3d at 1080.  The Court made clear that

2   "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting

3   that those very limitations create a gap in the post-conviction remedies that must be filled by the

4   common law writs."  *Id.* (internal citations omitted).

5          Here, petitioner's challenge is plainly the type of challenge cognizable in a § 2255 motion.

6   Indeed, the face of the petition indicates that petitioner seeks relief from his federal court sentence

7   under *Booker.*  (Dkt. No. 1.)  This is precisely what a § 2255 motion is designed to do.  The mere

8   fact that petitioner has labeled this a petition for writ of error *audita querela* does not change its

9   actual substance.  Petitioner's claims should be brought as a § 2255 motion.  The fact that AEDPA

10  may bar petitioner from filing a second or successive § 2255 petition does not render *audita querela*

11  the proper vehicle for his claims.  The petition should therefore be denied.  Because this Court

12  concludes that a petition for writ of error *audita querela* is not the proper vehicle for petitioner to

13  raise his claims, it need not consider his other arguments.  *See Valdez-Pacheco*, 237 F.3d at 1080.

14                          Motion for Appointment of Counsel

15         As noted above, petitioner has filed a motion for appointment of counsel in this case.  Because

16  this Court concludes that petitioner may not proceed with respect to his petition for writ of error

17  *audita querela*, petitioner's motion for appointment of counsel is moot.

18                                  CONCLUSION

19         Because petitioner seeks relief from his federal court sentence, his claims could be brought in

20  a § 2255 motion, if such review were still available to him.  As a result, a petition for a writ of error

21  *audita querela* is not the proper vehicle for his claims.  This Court therefore recommends that the

22  petition be denied and that this action be dismissed.  This Court further recommends that petitioner's

23  motion for appointment of counsel be denied.  A proposed order accompanies this Report and

24  Recommendation.

25

REPORT AND RECOMMENDATION
26  PAGE - 4

1          DATED this 25th day of July, 2005.

2

3                                                       _James P. Donohue_

4                                                       JAMES P. DONOHUE
                                                        United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION
26  PAGE - 5